UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FLORA ABIR and FEREYDOON ABIR,

    Appellants,

-against-

RICHARD L. STERN,

    Appellee.
------------------------------------------------------------X

FEUERSTEIN, J.

OPINION & ORDER
09 CV 2872

On July 7, 2009, appellants Flora Abir and Fereydoon Abir (collectively, "Appellants") filed a notice of appeal from so much of the order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") as granted the motion by Richard Stern, the chapter 7 trustee, ("Appellee" or "Trustee") pursuant to 11 U.S.C. § 522, Rule 4003 of the Federal Rules of Bankruptcy Procedure, and §5206 of the New York Civil Practice Law and Rules, to disallow payment of the Appellants' homestead exemption claim. For the reasons set forth below, the order of the Bankruptcy Court is affirmed.

I.    Background

Appellants were owners of real property located at 104 Wildwood Road, Kings Point, New York (the "Real Property"). (Appellee's Brief, at 3.) On October 23, 1990, Appellants granted a mortgage securing a lien against the Real Property in the principal amount of one

1

million, five hundred thousand dollars ($1,500,000) to National Standard Mortgage Company (the "Mortgage"). (Id.) Sometime thereafter, Bank of America succeeded to National Standard Mortgage Company's interest as secured lender. (Id.) In February 1995, Appellants failed to make their monthly payment pursuant to the Mortgage, and in 2000, the Supreme Court of the State of New York, County of Nassau, entered a Judgment of Foreclosure and Sale against Appellants for approximately two million, one hundred thousand dollars ($2,100,000) in favor of Bank of America. (Id.) However, Appellants later negotiated a settlement with Bank of America by which Bank of America agreed to accept one million, three hundred thousand dollars ($1,300,000) in satisfaction of its judgment. (Id.)

Malky, Inc. ("Malky") thereafter purchased Bank of America's right, title, and interest in the judgment for one million, three hundred thousand dollars ($1,300,000), and entered into an agreement with Appellants whereby Appellants agreed to increase the amount due in satisfaction of the judgment to one million, six hundred thousand dollars ($1,600,000) in exchange for a ten (10) month forbearance on the foreclosure sale of the Real Property (the "Forbearance Agreement"). (Id.) Appellants failed to make their payments pursuant to the Forbearance Agreement, and on February 4, 2008, the petitioning creditor filed an involuntary petition against the Appellants pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"). (Id.; Record, Ex. 3.)

On August 4, 2008, the Trustee provided notice to all creditors and parties in interest that a public auction sale of the Real Property would be held on October 23, 2008. (Appellee's Brief, at 4.) The notice indicated that the Real Property would be sold free and clear of all liens, claims, and encumbrances and security interests of record ("Liens"), and such Liens would attach

to any proceeds of such sale in the validity, extent, and priority as they then existed. (Id.) On November 5, 2008, the Trustee settled a proposed order authorizing the sale of the Real Property for two million, twenty thousand dollars ($2,020,000), the highest and best offer at the auction. (Id., at 5.) Over Appellants's objections, the Bankruptcy Court entered an order authorizing the sale of the Real Property, free and clear of all Liens, with any Liens attaching to the proceeds of the sale. (Id.) The order also provided "that the [Appellants'] homestead exemption be paid at the closing of title and that the Trustee pay directly from the closing proceeds to [Appellants] the amount of ONE HUNDRED THOUSAND ($100,000) DOLLARS provided no timely objection to the [Appellants'] homestead exemption is made." (Id.) Appellee objected to the Appellants' homestead exemption by motion dated December 22, 2008, and by order dated May 11, 2009, the Bankruptcy Court granted Appellee's motion. (Id.) As of January 8, 2009, Malky's mortgage lien was approximately two million, two hundred thousand dollars ($2,200,000). (Id., at 4.)

II.  Standard of Review

28 U.S.C. § 158(a) vests district courts with appellate jurisdiction over, *inter alia*, final judgments, orders and decrees of bankruptcy judges. Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." The district court must apply a clearly erroneous standard of review to the bankruptcy court's findings of fact and a de novo standard of review to the bankruptcy court's conclusions of law. See In re Adelphia Communications Corp., 367 B.R. 84, 90-91 (Bankr. S.D.N.Y. 2007); see also Fed. R. Bankr. P.

3

8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . .").

III.   Analysis

Appellants contend that the Bankruptcy Court erred by granting Appellee's motion to disallow payment of the Appellants' homestead exemption because the "homestead exemption monies are not part of the bankruptcy estate . . . ." (Appellants' Brief, at 3.) The bankruptcy estate is created upon the filing of a bankruptcy petition, and is comprised of "all legal of equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). See also Wornick v. Gaffney, 544 F.3d 486, 490 (2d Cir. 2008) (citing 11 U.S.C. § 541(a)(1)) ("The filing of a bankruptcy petition creates a bankruptcy estate, which includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.'"). Pursuant to Code section 522(b), a debtor may exempt certain property from the bankruptcy estate in order to "retain those assets rather than divide them among [his] creditors." Rousey v. Jacoway, 544 U.S. 320, 322, 125 S. Ct. 1561, 161 L. Ed. 2d 563 (2005). One such exemption is New York's homestead exemption which protects a debtor's principal residence from the satisfaction of money judgments up to "fifty thousand dollars in value above liens and encumbrances." N.Y. C.P.L.R. § 5206. Moreover, pursuant to Code section 522(l), a debtor may "file a list of property that the debtor claims as exempt," and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l).

Appellants argue that these exemptions "remove property from the estate and . . . vest it in the debtor." (Appellants' Brief, at 2.) Insofar as Appellants contend that the homestead

exemption monies are not part of the estate, a debtor may not invoke the homestead exemption when the residence is burdened with a consensual mortgage lien. See In re Smith, 262 B.R. 594, 601 (E.D.N.Y. 2001) ("Under New York law, a debtor's homestead exemption does not have priority over a consensual lien such as the mortgage lien."). See also In re Liberman, 244 B.R. 557, 559-60 (Bankr. E.D.N.Y. 2000) (noting that a debtor may not invoke "the exemption when the judgment or lien results from a mortgage lender's foreclosure on the mortgage"). Moreover, insofar as Appellants argue that "the effect of [Code section 522(l)'s] self-executing exemption is to remove property from the estate," (Appellants' Brief., at 2-3), Appellants appear to overlook the fact that the Trustee properly objected to Appellants' homestead exemption, (see Record, Ex. 9), and as such, the homestead monies neither became exempt nor exited the estate. See In re Novak, 354 B.R. 611, 621 (Bankr. E.D.N.Y. 2006) (noting that "unless a party in interest objects to the exemption . . . the property claimed as exempt on such schedule is exempt"). See also 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt.").

Finally, Appellants contend that "[a]llowing a sale resulting in payment to only the secured creditor is in violation of 11 U.S.C. § 363(f)(3)," because the sale price did not exceed the aggregate amount of liens on the property. (Appellants' Brief, at 3.) However, Malky, the secured creditor, consented to the sale of the Real Property. (Record, Ex. 15, at 4.) See also 11 U.S.C. § 363(f)(2) ("The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if . . . such entity consents.") Moreover, Appellants have not demonstrated that the other four (4) conditions permitting sale pursuant to Code Section 363(f) do not apply, and as such, the Trustee

5

did not violate Code Section 363(f) by selling the Real Property. See In re Dundee Equity Corp., No. 89-B-10233, 1992 WL 53743, at *4 (Bkrtcy.S.D.N.Y. 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.")

IV. Conclusion

For the foregoing reasons, the order of the Bankruptcy Court is affirmed.

**SO ORDERED.**

/s/ SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 22, 2010
Central Islip, New York